Mercure, J.P. (dissenting).
Because we conclude that plaintiff Dianne A. Layden (hereinafter plaintiff) assumed the risk of aggravating her prior back injury while weight-lifting at a gym, we respectfully dissent. The doctrine of primary assumption of risk provides that a voluntary participant “engaging in a sport or recreational activity . . . consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation” (Morgan v State of New York, 90 NY2d 471, 484 [1997]; accord Anand v Kapoor, 15 NY3d 946, 947-948 [2010]; see Bukowski v Clarkson Univ., 19 NY3d 353, 356 [2012]). The doctrine limits the scope of the duty owed to a voluntary participant — “[u]nder this theory, a plaintiff who freely accepts a known risk ‘commensurately negates any duty on the part of the defendant to safeguard him or her from the risk’ ” (Custodi v Town of Amherst, 20 NY3d 83, 87 [2012], quoting Trupia v Lake George Cent. School Dist. 14 NY3d 392, 395 [2010]). While “participants are not deemed to have assumed risks resulting from the reckless or intentional conduct of others, or risks that are concealed or unreasonably enhanced,” the duty of care that is owed is simply “ ‘to make *1544 the conditions as safe as they appear to be’ ” (Custodi v Town of Amherst, 20 NY3d at 88, quoting Turcotte v Fell, 68 NY2d 432, 439 [1986]).
As we have previously acknowledged, “ ‘[e]xtensive and unrestricted application of the doctrine of primary assumption of the risk to tort cases generally represents a throwback to the former doctrine of contributory negligence’ ” abolished by CPLR 1411 (Trupia v Lake George Cent. School Dist., 62 AD3d 67, 69 [2009], affd 14 NY3d 392 [2010], quoting Pelzer u Transel El. & Elec. Inc., 41 AD3d 379, 381 [2007]). Thus, the primary assumption of risk “doctrine ‘must be closely circumscribed if it is not seriously to undermine and displace the principles of comparative causation’ ” (Custodi v Town of Amherst, 20 NY3d at 89, quoting Trupia v Lake George Cent. School Dist., 14 NY3d at 395). Nevertheless, the doctrine is not limited to organized sporting events or competitions, as plaintiffs assert; rather, the doctrine, if otherwise applicable, encompasses noncompetitive fitness or exercise activity (see Marcano v City of New York, 99 NY2d 548, 549 [2002]; Feeney v Manhattan Sports Club, 227 AD2d 293, 294 [1996]; but see Corrigan v Musclemakers, Inc., 258 AD2d 861, 862-863 [1999]). Most recently, the Court of Appeals has explained that “application of assumption of the risk should be limited to cases appropriate for absolution of duty”— i.e., “ ‘case[s] in which the defendants] solely by reason of having sponsored or otherwise supported some risk-laden but socially valuable voluntary activity ha[ve] been called to account in damages’ ” (Custodi v Town of Amherst, 20 NY3d at 89, quoting Trupia v Lake George Cent. School Dist., 14 NY3d at 396). The Court noted that in its prior cases applying the doctrine, the defendant “sponsored or otherwise supported” the activity, or it “occurred in a designated athletic or recreational venue” (Custodi v Town of Amherst, 20 NY3d at 88).
Among those prior cases were two in which students were injured while attending martial arts classes (see id., citing Morgan v State of New York, 90 NY2d at 486-488). As in this case, the plaintiffs’ noncompetitive, noncontact exercise activity took place at designated venues and the plaintiffs challenged the adequacy of the supervision — in one case, a 15-year old student was left in charge of the class — as well as the quality of the instruction and the particular exercises that they were directed to perform (see Morgan v State of New York, 90 NY2d at 481, 486-488). Nevertheless, the Court of Appeals concluded that the plaintiffs had assumed the risk of falling while tumbling and performing floor exercises (id. at 487-488). In explaining the justification for application of the doctrine, the Court explained *1545 that “[t]he primary means of improving one’s sporting prowess and the inherent motivation behind participation in sports is to improve one’s skills by undertaking and overcoming new challenges and obstacles” (id. at 487).
Here, plaintiff was experienced with weight-lifting and had been a member of No Limits Fitness, the fitness center owned by defendant Deborah W. Greenfield, for nine months prior to the accident. She first hired defendant Angela Plante, a certified personal trainer, to design an exercise program in March 2007, and then performed the exercise program on her own for three months. Thereafter, plaintiff requested that Plante teach her a new program “because [plaintiff] was getting tired of doing the same exercises for three months. [She] wanted to learn new exercises.” Plaintiff performed the new exercise program during a single training session with Plante without experiencing any discomfort, but experienced mild back pain shortly afterwards and for the next day. Although plaintiff had a history of back problems and was aware that she had a herniated disc, she nevertheless returned to perform the program by herself and felt back pain while performing a Smith squat. Plaintiff acknowledged that her discomfort was apparent from the first squat, but she continued to do 14 more.
In our view, plaintiff — who was a registered nurse and well aware both of her preexisting back condition and that weightlifting could further injure her back — assumed this commonly appreciated risk (see Anand v Kapoor, 15 NY3d at 948). Given plaintiffs admitted awareness of the risk, any assertion that Plante’s exercise program unreasonably enhanced the risk is meritless inasmuch as plaintiffs reliance on Plante to negate the danger of further injury was not justifiable (see Feeney v Manhattan Sports Club, 227 AD2d at 294). Despite the parties’ dispute over whether Plante told plaintiff to stop any exercise that caused her pain and whether the Smith squat was contraindicated for anyone with a herniated disc, there is no evidence that Plante or anyone else either urged plaintiff to continue with that exercise or reassured her that performing it was safe despite her discomfort (cf. Corica v Rocking Horse Ranch, Inc., 84 AD3d 1566, 1568 [2011]; Myers v Friends of Shenendehowa Crew, Inc., 31 AD3d 853, 854-856 [2006]; Mathis v New York Health Club, 261 AD2d 345, 346 [1999]). Nor is there any evidence that plaintiff was encouraged to stop performing the previous program that Plante had designed and that plaintiff had safely used for three months. Rather, plaintiff simply grew “tired” of the previous program and, despite her awareness of the risk, sought to “improve [her weight-lifting] *1546 skills by undertaking and overcoming new challenges and obstacles” (Morgan v State of New York, 90 NY2d at 487). Under these circumstances, the doctrine of primary assumption of risk bars recovery as a matter of law.